UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY ALLAN MACK,** | ) | CASE NO. 4:15 CV 1732 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CONROY,** *et.al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Jeremy Allan Mack filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Special Investigative Services Supervisor Conroy, NEOCC Mailroom Supervisor Ellen Slattery, NEOCC Inmate Telephone Systems Supervisor John Doe I, NEOCC Chief of Operations Chestnut, NEOCC Warden Administrator John Doe II, and NEOCC Warden Michael Pugh. In the Complaint, Plaintiff asserts NEOCC personnel copied all of his correspondence and recorded all of his telephone conversations and provided that information to the United States Attorney. That information led to his prosecution on two additional charges. He asserts the Defendants violated his First and Fourteenth Amendment rights. He seeks monetary damages.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While Plaintiff cites 42 U.S.C. § 1983, that statute only applies to actions against state officials. Plaintiff is a federal prisoner suing a private prison that houses federal pretrial detainees. Section 1983 does not provide a cause of action.

## I. BACKGROUND

Plaintiff alleges he was held as a pretrial detainee at NEOCC from April 2013 to June 2014. He indicates he was notified by his attorney, Edward Bryan, that NEOCC personnel were copying all of his incoming and outgoing mail and providing those copies to the United States Attorney. Bryan also cautioned that prison personnel recorded his telephone conversations and provided that information to the United States Attorney as well. Plaintiff filed a complaint with the Special Investigative Services ("SIS") department requesting verification of an appropriate court order allowing his mail to be copied. He claims the SIS personnel forwarded his complaint to the United States Attorney. The telephone calls and copied letters were used by the United States Attorney to bring two additional charges against Plaintiff for tampering with a witness, victim or informant. *See United States v. Mack*, No. 1:13 cr 278 (N.D. Ohio June 12, 2014)(Lioi, J). He was convicted on all charges and is serving a life sentence. He asserts the Defendants violated his First and Fourteenth Amendment rights and seeks monetary damages.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Analysis**

Plaintiff cannot bring these claims in a civil rights action because a favorable ruling on them by this Court would necessarily call into question the validity of his conviction on the charges tampering with a witness, victim or informant. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Plaintiff in a civil rights action must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the Court determines that the Plaintiff's claim, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, Plaintiff challenges the manner in which the United States Attorney received his mail and recordings of his telephone conversations. He does not dispute the prison's right to review his mail and record his telephone conversations. He objects only to the fact that it was provided to the United States Attorney without a court order. If this Court were to find that Plaintiff's rights were violated when that information was provided to the United States Attorney, it would call into question the validity of the evidence used to indict and convict him of tampering with witnesses and victims. Plaintiff must therefore allege that his conviction on those charges was invalidated. He has not done so. Consequently, he cannot proceed with these claims in a civil rights action.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                      s/ Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: December 10, 2015

---

    [2]    28 U.S.C. § 1915(a)(3) provides:

            An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.